**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1919
_____

SHAUN M. IRONS,
                                                        Appellant

v.

SOCIAL SECURITY ADMINISTRATION
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00999)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2020

Before:  JORDAN, BIBAS and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 10, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Shaun Irons appeals the District Court's order dismissing his civil action challenging the Commissioner of Social Security's denial of Supplemental Security Income (SSI) under the Social Security Act. For the reasons that follow, we will affirm.

In 2014, Irons filed an application for SSI. An Administrative Law Judge denied the application. Irons appealed to the Appeals Council, which denied review on October 19, 2017. In its denial notice, the Appeals Council informed Irons that he was entitled to challenge its decision by filing a complaint in the District Court, and that any such complaint was required to be filed within 60 days. See 42 U.S.C. § 405(g) (establishing 60-day statute of limitations). Irons filed an untitled letter with the Appeals Council, which it treated as a request for an extension of time to file a civil action. See 20 C.F.R. § 416.1482 (authorizing the Appeals Council to grant such extensions). On May 18, 2018, the Appeals Council extended Irons's time to file a civil action for 30 days from the date he received its order, which it assumed would be five days from the date the order was issued. Thus, Irons was required to file his civil action on or before June 22, 2018.

Irons filed a complaint in the District Court on July 26, 2018. The Social Security Administration (SSA) filed a motion to dismiss the complaint as barred by the statute of limitations. Irons did not respond to the SSA's motion, and the District Court issued an order to show cause why the action should not be dismissed. Irons again did not respond,

2

and the District Court dismissed the complaint as untimely. Irons then filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise a plenary standard of review. See Beauty Time, Inc. v. VU Skin Sys., Inc., 118 F.3d 140, 143 (3d Cir. 1997).

We agree with the District Court's conclusion that Irons failed to file his civil action within the required time: the Appeals Council extended the deadline until June 22, 2018, but Irons did not file his complaint until July 26, 2018, more than a month after the time expired. See generally Bowen v. City of New York, 476 U.S. 467, 479 (1986) (ruling that § 405(g)'s statute of limitations is a condition on the waiver of the United States' sovereign immunity that must be strictly construed). While the time limitation such forth in § 405(g) is subject to equitable tolling, see id. at 480, it is the plaintiff's burden to show that tolling is appropriate, see Courtney v. LaSalle Univ., 124 F. 3d 499, 505 (3d Cir. 1997), and Irons did not present an argument for tolling in the District Court and has not done so in his appellate brief.

Accordingly, we will affirm the District Court's judgment.